IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



SCOTT JOHNSTON,

    Plaintiff,

v.

TERESA STANEK REA, Acting Under
    Secretary of Commerce for
    Intellectual Property and Acting
    Director of the United States
    Patent & Trademark Office,

    Defendant.

Civil Action No.: 1:12-cv-440

## MEMORANDUM OPINION

This matter comes before this Court on Defendant Teresa Stanek Rea's Motion for Summary Judgment (Dkt. No. 21). Plaintiff Scott Johnston ("Johnston" or "Plaintiff") opposes the Motion.

### Procedural Background

On May 17, 1999, Plaintiff filed a '922 application with the United States Patent and Trademark Office ("USPTO"). The Examiner rejected claims 1-9 of Johnston's application, but the Patent Trial and Appeal Board ("Board") reversed the Examiner's rejections. The Examiner reopened the prosecution of the patent and included new prior art for silos and storage tanks, but then made new rejections. Johnston again appealed the rejection, but the Board affirmed the Examiner's decision, concluding "the broadest reasonable meaning of the word 'pipe' in its ordinary usage as it would be understood by one of ordinary skill in the art, taking into account the enlightenment afforded by the written description contained in the appellant's specification is 'a tubular or cylindrical object, part or passage." Admin. Rec. at 496. Johnston eventually

1

appealed the Board's decision to the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board. *In re Johnston*, 435 F.3d 1381 (Fed. Cir. 2006).

On March 11, 2006, Johnston filed his current application with the USPTO, entitled "Horizontally Produced Large Diameter Spirally Formed Pipe." The application was a continuation-in-part of the May 1999 filing. The Examiner rejected all of Plaintiff's claims, determining that they were unpatentable. The Examiner's decision was partially affirmed by Board, which accepted the Examiner's rejections as to claims 1-3, 5-8, 12-14, and 16 for obviousness. The Board reversed the Examiner's rejections as to claims 4, 9 and 15, finding that Johnston's recited subject matter was patentable over the prior art. Plaintiff then filed a request for rehearing, alleging that the Board overlooked or misapprehended whether certain referenced prior art was directed to non-analogous art. Johnston also claimed that the Board relied on new grounds to reject the application when it explained that a person of ordinary skill in the art would inherently know to increase the pipe wall thickness when the diameter of the pipe increases. The Board maintained its earlier determination and also found that Johnston had waived his non-analogous art argument, but explained that the prior art references relied upon constituted analogous art. Admin. Rec. at 919.

Following the Board's final affirmation of the rejection, Plaintiff had two options: appeal the Board's decision to the U.S. Court of Appeals for the Federal Circuit or file a civil action with the U.S. District Court for the Eastern District of Virginia, pursuant to 35 U.S.C. § 145. On November 7, 2011, Plaintiff chose to file the instant civil action before this Court.

## Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587. The mere existence of a factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to the case; that is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. *Anderson*, 477 U.S. at 247-48. If the evidence favoring the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" *Celotex Corp.*, 477 U.S. at 323.

In addition to the standard of review for summary judgment, the Court is guided by the deference provided for USPTO's factual determinations upon appeal to the U.S. District Court. According to *Kappos v. Hyatt*, 132 S.Ct. 1690, 1701 (2012), the key difference between the appeal to the Federal Circuit Court of Appeals and the filing of a civil action before this Court is the ability to present new evidence in favor of patentability that the applicant did not submit to USPTO during the administrative proceedings. Furthermore, if the new evidence is presented on a disputed question of fact, the District Court must employ a *de novo* review of USPTO's factual findings. The Court must consider both the new evidence and the administrative record as it was before USPTO. If Plaintiff offers no new evidence, however, the Court must employ the deferential standard of review provided under the Administrative Procedures Act ("APA"). 5

3

U.S.C. § 706. Finally, the APA provides that USPTO's actions may be set aside only if the Court's determines that they were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(a); *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005).

## Analysis

### A.  Analogous Prior Art

The Board's decision to affirm-in-part the Examiner's rejection of claims 1-3, 5-8, 12-14 and 16 was based on obviousness over several prior art references. Johnston argues that the art relied upon by the Board was not analogous. In particular, Johnston argues that USPTO's reliance on McDonald, PRD, McFatter, Reed, Nethery, and Steuber was improper because they are either vertical pipes, rather than horizontally produced pipes, or they are from a different field of endeavor. Johnston has not offered new evidence to support his position, which would otherwise require the Court to review the issue de novo. Without new evidence, the Court considers only whether the agency's determination that the prior art is analogous was arbitrary and capricious. If there is substantial evidence to support the Board's determination, then Defendant is entitled to summary judgment.

The Board relied on several examples of analogous art to decide on Johnston's application: (1) McDonald, which discloses a spirally formed circular building structure; (2) McFatter and (3) Steuber, which disclose spirally formed large diameter storage tanks; (4) Nethery, which discloses a corrugated cylindrical storage silo; (5) Reed, which discloses a spirally formed storage vessel; and (6) Smith, which discloses a helically formed storage vessel. *See* Admin. Rec. at 919-20. The Board also accepted the Examiner's use of the "Handbook of

4

Steel Drainage & Highway Construction Products"[1] ("Handbook") and the "PRD CORTEC Housing Manufacturing System"[2] ("PRD"). The Board provided significant evidence showing that the prior art referenced is reasonably analogous.

Two tests determine the scope of analogous prior art: (1) whether the art is from the same field of endeavor, regardless of the problem addressed; and, (2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved." *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004). Johnston argues that the art cannot be analogous because they are not from the same field of endeavor and that the art is not substantially similar to his invention. First, he claims his claim addresses only storm drains and culvert pipes,[3] so any analogous art should be limited to that field of endeavor. The art relied upon by USPTO covered pipes, water storage tanks, and other fields of endeavor. The Board had previously determined that the word "pipe" meant a "tubular or cylindrical object, part or passage" and the Court of Appeals for the Federal Circuit affirmed that determination. *In re Johnston*, 435 F.3d 1381 (Fed. Cir. 2006). As such, the Board properly considered references to analogous art covering highway overpasses, barns, grain silos, and water storage tanks. Each of the prior arts referenced are reasonably pertinent and logically would have commended themselves to Johnston's attention in considering the broader problem related to large diameter spirally formed pipes. *See In re Klein*, 647 F.3d 1343, 1348 (Fed. Cir. 2011). Each prior art involves the same technological field as Johnston's invention and each is

---

[1] "Handbook of Steel Drainage & Highway Construction Products," American Iron and Steel Institute, 1983
[2] "PRD CORTEC Housing Manufacturing System," PRD Company, 1994.
[3] Johnston's Opposition provides that his invention "solves the problem of providing an economical and efficient way of building a variety of structures, utilizing a new pipe innovation from a field where those skilled in the art have a background in, the old and well known industry of corrugated metal pipe manufacturing. These pipes are used for a variety of purposes, but are typically found in storm drain and culvert application." Opp. at 22-23.

reasonably pertinent to the problem with which Johnston is involved. Furthermore, Johnston fails to demonstrate that the claims of the '563 application describe physical qualities that are structurally different from the pipes referenced by USPTO.

Next, Johnston argues that the Board's claim construction was flawed because, unlike his invention, none of the analogous art references "horizontally produced" pipes. The Board determined that the term "horizontally produced" simply referenced the orientation of the invention during its production and did not affect the structure of the pipe itself. In other words, Johnston's use of the term "horizontally produced" describes a technique for manufacturing his invention, but does not describe the physical characteristics of the pipes and does not alter the determination regarding analogous prior art.

Without any additional substantive evidence to consider from Plaintiff, there remain no genuine issues of material fact in terms of the use of analogous art. USPTO's decision, as a matter of law, was not arbitrary, capricious or an abuse of discretion.

## B. Obviousness

In affirming USPTO's rejection of claims 1-3, 5-8, 12-14, and 16,[4] the Board determined that Johnston's application failed for obviousness over the prior art references. Under 35 U.S.C. § 103, a claim is unpatentable if "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Furthermore, a person of ordinary skill will typically be able to fit the teachings of multiple patents together. *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 402 (2007).

---

[4] As noted by Defendant, Plaintiff acknowledges that all independent claims (1, 6 and 12) and the remaining dependent claims rise or fall with the independent claims (with the exception of claims 5 and 16, which add that the pipe is reshaped into an arch shape.) *See* Memo in Support at 21; Compl. at ¶ 17.

If that person of ordinary skill is then able to implement a predictable variation, then it likely bars patentability. *Id.* at 417. Finally, because Plaintiff has not offered new substantive evidence challenging USPTO's obviousness determination, the agency is entitled to deferential "substantial evidence" standard of review. The Board's findings of fact on the underlying obviousness, therefore, can be set aside only if the Court concludes that the findings are not supported by substantial evidence. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000).

### 1. Claim 1 and 12

Johnston maintains in claim 1 that his invention is not obvious because his patent includes the terms "horizontally produced." Specifically, independent claim 1 states:

> A horizontally produced spirally formed pipe, comprising an elongated ductile material formed into joined, adjacent helical convolutions, that said convolutions form the wall of said pope, and that said wall is corrugated or profiled with increased dimensional proportions as pipe size is increased, and that said pipe has a diameter above 16 feet.[5]

A670. The Board found that all of the limitations of claims 1 and 12 would have been obvious to a person of ordinary skill in the art of pipes when considering the combined teachings of McDonald and Smith.

First, the Board determined that the term "horizontally produced" refers to the method of production and not the product itself. Courts have long held that the patentability of a product does not depend on its method of production. *See In re Thorpe*, 777 F.2d 1345, 1348 (CCPA 1969). The inclusion of the term in claim 1, therefore, does not impact the obviousness analysis. In addition, the Board determined that a person of ordinary skill in the art would have reasonably been able to produce the McDonald pipe horizontally.

---

[5] Claims 1 and 12 are identical, except that Claim 12 does not include the terms "horizontally produced."

Next, Johnston argues that the claimed limitation in 1 and 12 that "said wall is corrugated or profiled" removes the obviousness of the patent when considering McDonald. As the Board found, however, McDonald clearly discloses a profiled wall. The Board cited McDonald's offset portion 70 to support its conclusion having determined that claims 1 and 12 require only a corrugated wall or a profiled wall, but not both.

Johnston also argues as part of claims 1 and 12, that his invention is not obvious due to the limitation that the corrugated or profiled wall requires "increased dimensional proportions as pipe size is increased." The Board concluded that it would have been obvious to one of skill in the art that dimensional proportions of a pipe would inherently have to increase as the pipe size increased. As the Board notes in support of its position, an artisan must be presumed to know something about the art apart from what the references disclose. *See In re Jacoby*, 309F.2d 513,516 (CCPA 1962). A person of ordinary skill in the art, therefore, would readily know that in order to maintain the same hoop strength (or burst strength) of the pipe, the pipe wall thickness necessarily must increase proportionally with the diameter.

Finally, the Board relied on a combination of PRD and McFatter to find that Johnston's claim that "said pipe has a diameter above 16 feet" is unpatentable as obvious. According to the Board, the PRD addresses a corrugated wall as well as the increased pipe wall thickness as the diameter of the pipe increases. To satisfy the "diameter above 16 feet" limitation, the Board relied on the combined teachings of McFatter with PRD. McFatter provides for a spirally formed tubular product with a diameter of 31 feet, making Johnston's invention obvious to a person of ordinary skill. As such, Johnston's claims 1 and 12 are not patentable due to obviousness and the Board's conclusions are sufficiently supported under the "substantial evidence" standard.

8

### 2. Claims 5, 6 and 16

Johnston argues that the Board should not have affirmed the rejection of claims 5, 6 and 16, which provide for the same limitations as claims 1 and 12, with the additional limitation that "said pipe is reshaped into an arch shape." In support of its rejection, however, the Board relied again on the teachings of PRD in view of McFatter as well as those in the Handbook. According to the Handbook, it is routine in the art to reshape spirally formed pipes into arch shapes. Admin. Rec. at A892. Combining PRD, McFatter and the Handbook, claims 5, 6 and 16 of Johnston's application fail for obviousness and the Board's determination is supported by substantial evidence.

### 3. Claim 12

Johnston argues that claim 12 should not have been obvious, as it requires a pipe that is "corrugated or profiled with increased dimensional proportions as pipe size increased." As discussed, the UPSTO established that it is obvious to an ordinary person skilled in the art that the pipe wall's thickness must inherently increase as the diameter of the pipe increases so as to maintain hoop strength, which is evidenced by the Handbook. As such, this portion of claim 12 fails due to obviousness as disclosed by the Handbook, Reed, McFatter and PRD.

The Board determined that Reed and Steuber disclose all of the limitations recited in independent claim 12, except for forming the strip with corrugations. To satisfy the obviousness for the corrugations, the Board relied on the combined teachings of Nethery, which concerns silos, along with Steuber, which discloses all other limitations. Specifically, Nethery discloses that it is "old and well known in the art to form silos with corrugated strips." Admin. Rec. at A631. As such, the Board's rejection is supported by substantial evidence showing that the

limitations of claim 12 are disclosed by the combined teachings of Reed in view of Nethery as well as the combined teachings of Steuber in view of Nethery.

In conclusion, Defendant has provided substantial evidence to support its obviousness and analogous art findings. Johnston's claims 1-3, 5-8, 12-14, and 16 were properly rejected by the Examiner and those rejections were properly affirmed by the Board. Johnston has not offered new substantive evidence to support his position, allowing the Court to view his appeal with deference to the Board's factual findings. Johnston is unable to overcome the Board's conclusions by showing their determinations were arbitrary, capricious, or an abuse of discretion. There are no remaining genuine issues of material fact and Defendant is entitled to summary judgment.

## C. New Evidence

When the USPTO demonstrates a *prima facie* case of obviousness, the burden shifts to the applicant to show non-obviousness. *See e.g., In re Rijckaert*, 9 F.3d 1531 (Fed. Cir. 1993). Defendant has successfully demonstrated a *prima facie* case of obviousness, which requires Plaintiff provide some new evidence that is material to secondary considerations in order to overcome this burden. This new evidence may consist of objective evidence of copying, commercial success, long-felt but unsolved needs, or failure of others. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966). Ultimately, the patent applicant must establish a nexus between the new evidence and the merits of his invention. *In re Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011).

In this appeal, Plaintiff provides evidence of four secondary considerations[6] that allegedly prove his invention was not obvious:

- First, the evidence shows Johnston was a recognized authority in the art of Spiral Pipe Manufacturing Equipment, involved with corrugated metal pipe manufacturing. This proved the invention related to corrugated metal and pipe and limited the possibility of who those skilled in the art might be.

- Second, it required invention to invent the pipe as claimed. The evidence of this has been before the PTO from the filing of Johnston's provisional application, up to, the filing of the Complaint.

- Third, the evidence shows that throughout the prosecution history of this patent, Johnston presented evidence regarding the advantages of his new pipe...Johnston pointed out the evidence that highway overpasses, barns or storage buildings and homes are among the additional applications for this new pipe, it is inconceivable that McDonald's alleged 'building structures' envisions these concepts. The PTO has offered no evidence refuting this.

- For the [fourth] issue of copying, (infringement) by other Johnston provided his own testimony as evidence...the PTO quoted Johnston's evidence, from IMW's website...In doing this, the PTO presented further evidence of copying (infringement). This fulfills the specific requirements the PTO implied would be required.

Opp. Memo at 27. In reviewing the purported new evidence for secondary considerations, Johnston appears to rely heavily on his own expert testimony. While he is certainly well versed in his field of endeavor, Johnston's own testimony cannot satisfy requirements for objective evidence of copying, commercial success or other secondary considerations. *See e.g. Graham* at 17-18.

The only new, objective evidence provided by Johnston for secondary considerations concerns copying by Contech Construction Products of Ohio and Pacific Corrugated of California. Johnston may prove copying through "internal documents, direct evidence such as

---

[6] The Court agrees that it is unclear from Plaintiff's pleadings which, if any, of the secondary considerations he seeks to provide evidence for, other than for copying. *See* Reply Memo at 8, fn 4.

11

disassembling a patented prototype, photographing its features, and using the photograph as a blueprint to build a virtually identical replica, or access to, and substantially similar to, the patented product (as opposed to the patent)." *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004). Johnston evidence, however, consists of only two things: (1) a group of photos and brochure printouts from the aforementioned companies and (2) documents relating to an Executive Summary of "The Pipeman Corporation" that shows to whom the Executive Summary was sent. None of the evidence provided shows that Contech or Pacific produced a pipe consistent with the pipe Johnston seeks to patent. Instead, Johnston's evidence focuses on the companies' use of the mobile mill used to manufacture the pipes on site. As noted, however, Johnston's claims seek to patent the product and not the production method for producing his pipe. The evidence provided by Johnston is not sufficient to overcome Defendant's *prima facie* case of obviousness. As such, Defendant is entitled to summary judgment.

## Conclusion

For the foregoing reasons and for good cause shown, Defendant's Motion for Summary Judgment is GRANTED.

An appropriate order shall follow.

April 9, 2013
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge